## The People of the State of Illinois, Defendant in Error, v. Romo Frioni, Plaintiff in Error.

### Gen. No. 5,836.    (Not to be reported in full.)

Error to the Circuit Court of McHenry county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed November 13, 1913.

## Statement of the Case.

Action by the People of the State of Illinois against Romo Frioni et al. on an indictment charging defendants with fraudulently conspiring with each other with fraudulent and malicious intent to obtain by false pretenses the money of the Citizens' State Bank of Crystal Lake and to cheat and defraud said bank of the same. Frioni pleaded not guilty and was tried alone and was convicted and sentenced to imprisonment in the penitentiary and to pay a fine. To reverse the judgment, he prosecutes a writ of error.

SASS, NICOLAI & HOOD, for plaintiff in error.

DAVID R. JOSLYN, for defendant in error; E. H. WAITE and PAUL J. DONOVAN, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. FALSE PRETENSES, § 40*—*when instruction in prosecution for conspiracy to obtain money by false pretenses erroneous.* In an action against a defendant indicted for a conspiracy to obtain money by false pretenses, and instruction telling the jury what was sufficient to sustain a charge of conspiracy and entirely omitting the element of false pretenses, *held* erroneous.

2. CRIMINAL LAW, § 293*—*when instruction as to proof of guilt erroneous.* An instruction after stating the rule of law that defendant is presumed to be innocent until a verdict is reached finding

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

him guilty, further said: "This rule of law is not meant to prevent you from being convinced of the guilt of the defendant at any time during the trial when the evidence, if any, is sufficient to so convince you of his guilt, and if you are convinced by the evidence at any time during the trial of the guilt of the defendant in manner and form as charged in the indictment, beyond a reasonable· doubt, and there is no other subsequent evidence which raises in your mind a reasonable doubt of the guilt of the defendant, and you remain so convinced until all of the evidence is in, then you should find the defendant guilty," *held* erroneous and injurious to the defendant.

3. CRIMINAL LAW, § 305*—*when instruction as to contradiction of defendant's testimony by other witnesses erroneous.* An instruction that the jury may take into consideration the fact, if such is a fact, that defendant has been contradicted by other witnesses, *held* erroneous as not being made to apply to other witnesses who were contradicted.

4. CRIMINAL LAW, § 309*—*when instruction on reasonable doubt improper.* An instruction given for the People, relating to the subject of reasonable doubt, was a stock instruction often approved, except that there was inserted therein the following: "To acquit under the influence of doubts unreasonably created from whatever cause is a virtual violation of the juror's oath, and an offense of great magnitude against the interests of society," *held* improper as being an effort to frighten or drive the jury to a conviction.